UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

               Plaintiff,             Case No. 24-00065

- vs -                           Hon. Loren L. AliKhan

ADAM KOVSKY,

               Defendant.
_____/
MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052


MICHAEL J. McCARTHY, P.C.
Michael J. McCarthy (P30169)
Attorney for Defendant
26001 Five Mile Road
Redford, MI  48239
(313) 535-1300
_____/

### SENTENCING MEMORANDUM

PROCEDURAL HISTORY


The Defendant, Adam Kovsky, was charged in the original complaint with the following criminal offenses:

Count One     -     Entering and remaining in a restricted building or grounds, contrary to 18 U.S.C. §1752(a)(1);

Count Two     -     Disorderly and distruptive conduct in a restricted building or grounds, contrary to 18 U.S.C. §1752(a)(2);

Count Three  -     Disorderly conducted in a Capitol Building, contrary to 40 U.S.C. §5104(e)(2)(D);

Count Four  -        Parading, picketing or demonstrating in a
                     Capitol  Building,  contrary  to  18  U.S.C.
                     §5104(e)(2)(G).

He was charged with two other individuals, Jenna McGrath and
Laura McGrath, in the original complaint.  However, the
prosecution of his case has proceeded separately from those of
the other two defendants.  Neither of the cases brought against
the other two defendants has been resolved.

Mr. Kovsky made his first, and in person, appearance on the
complaint before the United States District Court for the Eastern
District of Michigan -- which has jurisdiction over his place of
residence -- on December 21, 2023.  Subsequently, he made his
first appearance before the United States District Court for the
District of Columbia, via Zoom conference, on January 9, 2024.

Mr. Kovsky has been at liberty on a $10,000.00 unsecured
bond since the date of his first appearance in the Eastern
District of Michigan under the supervision of the Pretrial
Services Office.  He has been in full compliance with the terms
of his bond.

On February 21, 2024 Mr. Kovsky appeared before this Court,
via Zoom conference, and was arraigned on the information that
was filed on February 6, 2024.  In it he was charged with one
count of entering and remaining in a restricted building or
grounds, contrary to 18 U.S.C. §7152(a)(1).  On March 11, 2024 he
appeared again before this Court and entered a plea of guilty to

the only charge in the information, entering and remaining in a restricted building or grounds, pursuant to the terms of the plea agreement that were made a part of the record during that hearing.

The specific factual basis, set forth in Paragraph Nos. 8 through 12 of the Statement of Offense, in support of Mr. Kovsky's plea of guilty, provided as follows:

8.   The defendant, Adam Kovsky, travelled to Washington, D.C. from his home in Michigan on or about January 5, 2021 to attend former President Trump's "Stop the Steal" rally. On January 6, 2021, after attending the rally, Kovsky walked with other rioters down the National Mall to the western grounds of the Capitol, where he knowingly entered and remained within the restricted perimeter around the Capitol Grounds that U.S. Capitol Police had established using fencing, barricades, and signs, in anticipation of former Vice President Pence and his immediate family members' presence at the Capitol for the electoral college certification proceedings.

9.   After reaching the west plaza of the Capitol, Kovsky ascended a staircase to the Upper West Terrace of the Capitol Building. As he ascended the staircase, Kovsky assisted another rioter, with whom he had travelled to Washington D.C. from Michigan, in scaling the banister of the staircase.

10.  Kovsky eventually entered the building through a broken window near the Senate Wing Door at approximately 3:26 p.m. While inside the building, Kovsky picked up pieces of broken, wooden furniture that had been broken by other rioters. Kovsky exited the building, carrying the pieces of wood, minutes later.

11.  After exiting the building, Kovsky remained on the Upper West Terrace and joined the crowd in chanting sentiments such as "Our house! Our house!" while directly facing a line of assembled police officers. Kovsky also took "selfies" with two individuals with

whom he had travelled from Michigan, in front of the line of officers.

12.    Kovsky voluntarily submitted to an interview with the FBI in June 2022.    During the interview, Kovsky acknowledged travelling to Washington, D.C. to attend the Stop the Steal rally and identified himself in photographs from the inside the U.S. Capitol.  He also produced the pieces of wood that he had taken from the U.S. Capitol Building.    Shortly after his interview, Kovsky, through his attorney, provided items of clothing that he had worn on January 6, 2021 to the FBI.

Upon acceptance of Mr. Kovsky's guilty plea this Court set the date for a sentencing hearing.  It is July 22, 2024.

<u>PERSONAL</u> <u>BACKGROUND</u>

Adam Kovsky was born on March 12, 1992 to the married union of his parents, Charles Kovsky and Judy Kovsky.  He has an older brother and an older sister from his parents' marriage.  He also has three other older half-siblings.  They were born during his father's first marriage.  Mr. Kovsky grew up in a stable home in which all of his needs were provided by his parents.   He maintains strong, positive relationships with his parents and his siblings.

Mr. Kovsky is a lifelong resident of Michigan.  He grew up in his parents home in Livonia.  He attended and graduated from Livonia Stevenson High School in 2010.  He received a bachelor's degree in business administration from Central Michigan University in 2014.

Mr. Kovsky is employed at Robin Hills Farm in Chelsea,

Michigan as a managing director.  He has been employed there in various capacities since 2016.  He has been steadily employed both before and after he graduated from college.

Mr. Kovsky married Brogan Leight Kovsky on September 24, 2020.  They have two sons, three year old Harly Kovsky and one year old Ellis Kovsky.  The family lives together in a small portable home situated on a parcel of land owned by Mr. and Mrs. Kovsky.  She is a full time homemaker and he earns the family living through his employment at Robin Hills Farm.  He is devoted to his wife and sons.

Mrs. Kovsky is well aware of this case and her husband's legal problem.  She remains supportive of him and hopeful about the outcome of the case at sentencing.

Mr. Kovsky has abstained from the use of alcohol since his first wedding anniversary, September 24, 2021.  He never used any other type of drug or controlled substance.  He maintains that, while his alcohol consumption had been regular, it did not cause him difficulty in his life.  His decision to abstain is the product of his own preference for constant sobriety.

Mr. Kovsky and his wife have limited assets.  His gross monthly income is $4,845.00.  While Mr. and Mrs. Kovsky owe a mortgage balance of $55,399.00 on their twenty-four acre parcel of unimproved land its value has purportedly risen from the 2017 purchase price of $80,000.00 to a 2024 valuation of $409,107.00.

(See Presentence Investigation Report (PIR) Paragraph No. 78.) The partially constructed house situated on that land is uninhabitable.  This valuation gives Mr. Kovsky's balance sheet, on paper, an inaccurately positive appearance.

The portable home in which Mr. Kovsky, his wife and his sons live has no bathing facility.  Therefore, he and his family bathe at the home of Mrs. Kovsky's mother.  (See PIR, Paragraph No. 55.)  The United States Probation Department determined that, given his overall financial profile, it does not appear that Mr. Kovsky had the financial resources to pay a fine in addition to the $500.00 restitution obligation that is a part of his plea agreement.  (See PIR, Paragraph No. 84.)

Mr. Kovsky's criminal conviction history consists solely of his guilty plea based conviction for one count of entering and remaining in a restricted building or grounds entered before this Court on March 11, 2024.  He submits that, given his clean prior criminal record, he is a suitable candidate for the zero point offender adjustment available under U.S.S.G. §4C1.1(a)(2) through (9).  He submits further that he completely satisfies the provisions of that particular guideline.

<u>DEFENDANT'S CONDUCT</u>

On January 6, 2021 Adam Kovsky and his two codefendants attended the speech given by then President Donald J. Trump at or near the White House in Washington, D.C.  He then walked with his

codefendants to the United States Capitol which he and they entered through a broken window near the Senate Wing of the Capitol.  While inside Mr. Kovsky picked up two broken pieces of wood he found there and carried them outside.  He then brought them home to Michigan.

Mr. Kovsky returned to his normal activities as an employee of Robin Hills Farm, a husband and a father.  He did not have any contact with law enforcement until June of 2022 when he received a call from an FBI agent investigating his case.  He retained an attorney and then met with two FIB agents at his attorney's office.  He admitted to his January 6, 2021 conduct.  Further, he returned the two pieces of wood to the agent through his attorney.  He also turned over the clothing he wore at the Capitol on January 6, 2021.

Mr. Kovsky next received notice, through his attorney, that the complaint had been filed.  That occurred in December of 2023. He promptly appeared for his arraignment.  Subsequently, he entered his plea of guilty to one count of entering and remaining in a restricted building or grounds at the first opportunity he was given to do so.  That occurred on March 11, 2024.

Today Mr. Kovsky's thinking is clear three and one-half years after January 6, 2021.  He is remorseful for his presence in Washington, D.C. and his entry into the United States Capitol and its grounds.  He now recognizes what he should have seen

then: His entry into the United States Capitol was and is unacceptable criminal conduct. He extends his sincere apology to the United States for his criminal behavior that day.

## PLEA AGREEMENT

On March 11, 2024 Adam Kovsky appeared, via Zoom conference, before this Court and entered a plea of guilty to Count One of the information, entering and remaining in a restricted building or grounds. He did so pursuant to the terms of the plea agreement that he, his attorney and the attorneys representing the government executed in advance of that hearing.

The minimum sentence range applicable to Mr. Kovsky at Offense Level (OV) 2 and Criminal History Category (CHC) I, for him with no prior criminal record, is from zero months to six months. He is also elegible for a further downward adjustment under U.S.S.G. §4C1.1 due to his clean prior criminal record. (See PIR, Paragraph No. 88.)

## 18 U.S.C. § 3553 FACTORS

Adam Kovsky is thirty-two years of age. His clean prior criminal record places him in CHC I. (See PIR, Paragraph Nos. 42 through 47.)

Mr. Kovsky regrets his criminal conduct in this case and the harm he caused because of it. During the time since his arraignment he has focused his attention on his personal failures and the decisions he made which put him in his current position.

-8-

He is resolved to do much better in the future.  He has not been engaged in any criminal activity since January 6, 2021.  He is remorseful for his criminal and wrongful conduct.

The sentencing guidelines applicable to Mr. Kovsky are now advisory pursuant to *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005). However, the provisions of 18 U.S.C. § 3553, entitled *Imposition of a Sentence*, are mandatory.  That statute provides, in relevant part, as follows:

(a) **Factors to be considered in imposing a sentence.** -- The court shall impose a sentence sufficient, <u>but</u> <u>not</u> <u>greater</u> <u>than</u> <u>necessary</u>, to comply with the purposes set forth in paragraph (2) of this subsection.  The court, in determining the particular sentence to be imposed, shall consider --

   (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

   (2) the need for the sentence imposed--

      (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

      (B) to afford adequate deterrence to criminal conduct;

      (C) to protect the public from further crimes of the defendant; and
      (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;                    (emphasis added)

1.  <u>The nature and circumstances of the offense and the history</u> <u>and characteristics of the defendant.</u>

This Court has presided over Mr. Kovsky's case since

February of 2024.  Your Honor conducted his guilty plea hearing. His history and characteristics have been set forth above in this memorandum.  He took responsibility for his criminal conduct in the instant case. He understands that he owes a debt to the United States for his wrongdoing.

Mr. Kovsky submits that the sentence to be imposed here pursuant to Count One of the information should be for a term of probation.  He has demonstrated his ability to follow the requirements of his unsecured bond since the date of his original arraignment in the Eastern District of Michigan, December 21, 2023.  He will be fully compliant with the terms of probation just as he is and has been fully compliant with the terms of his pretrial release order.  A sentence of probation will be sufficienht and not more than is necessary for him to continue his self-reformation and self-rehabilitation.

Mr. Kovsky is focused on his responsibilities as a husband and as a father.  He intends to continue contributing the the community as a law-abiding and productive citizen.  He is also intent on being a positive presence in the lives of his wife and his two sons.

2A.  Punishment.

Adam Kovsky recognizes that the offense to which he entered his plea of guilty is a serious criminal matter.  He acknowledges that such conduct cannot be tolerated.  He takes his criminal

wrongdoing here very seriously and understands that just punishment must be imposed.

The applicable sentencing guideline range, which begins at zero months, corroborates Mr. Kovsky's representation of himself as a law-abiding citizen who, uncharaceristically, committed the crime for which he is to be sentenced. He submits that the objects of sentencing, set forth in 18 U.S.C. §3553, can all be achieved through the imposition of a proportionate sentence of probation in the case at bar.

Mr. Kovsky is resigned to accept the punishment that this Court determines to be appropriate, no matter what that sentence will be. He understands that he owes a debt to the community because of his behavior. He hopes that this Court will impose a term of probation pursuant to his conviction for one count of entering and remaining in a restricted building or grounds.

2B. Deterrence.

Mr. Kovsky submits that any person who takes notice of his case and the ramifications of the conviction entered against him here will see it as a cautionary tale for themselves. If anyone is tempted to engage in the illegal entry of a government building or grounds his situation should cause them to think again. Who would want to trade their clean criminal record and, perhaps, trade their liberty in exchange for the illegal entry of the United States Capitol?

This criminal incident has seriously impacted Mr. Kovsky's present life as well as his future.  He recognizes now what he should have seen on January 6, 2021: His conduct put his presence in the lives of his loving wife and children in jeopardy.  He is firmly resolved to never put those relationships in jeopardy again.

2C.  Protection.

Mr. Kovsky acknowledges his guilt in this case.  He submits that -- at least since June of 2022, when he was first contacted by agents of the FBI about the incident that forms the basis for his prosecution  -- he has been and remains actively engaged in self-reformation and self-rehabilitation. During the more than two years that have passed since then he spent his time in continued reflection upon the actions he took on January 6, 2021. He is firmly resolved to never engage in any criminal activity again.

Mr. Kovsky is focused on the welfare of his wife and his two sons.  He is steadily engaged in legitimate employment, the compensation for which he uses to support his family.  He intends to be a law-abiding and productive citizen for the rest of his life.  He wants this incident to be and remain the only and singular illegal activity in which he will ever be engaged.  He poses no future danger to the community.

2D.  Rehabilitation.

The first step on the road to rehabilitation is honest reflection on one's own conduct.  Adam Kovsky took that step in June of 2022 when he was contacted by agents of the FBI regarding his presence inside the United States Capitol on January 6, 2021. At that time he resolved to never be involved in criminal conduct again. As a first step in that direction he cooperated with the agents in their investigation of himself.

Mr. Kovsky continued on the path to reform and rehabilitate himself when he accepted responsibility for his criminal conduct in this case and entered his plea of guilty on March 11, 2024. He does not wish to be a further embarrassment to his family or to the community because of the remorse he feels for his conduct on January 6, 2021.  Instead, he intends to be an asset to his family and to the community.  He wants his conduct on January 6, 2021 to remain forever a singular aberration.

CONCLUSION

Adam Kovsky respectfully requests that this Court impose a sentence of probation that will comply with the applicable law governing the statute he acknowledges that he violated on January 6, 2021. He asks that the sentence to be imposed be sufficient, but not greater than necessary, to accomplish the goals of sentencing.  He submits that the sentence to be imposed pursuant to his conviction for Count One of the information, entering and

-13-

remaining in a restricted building or grounds, should be a sentence of probation.

MICHAEL J. McCARTHY, P.C.

/s/ Michael J. McCarthy

July 8, 2024
Michael J. McCarthy (P30169)
Attorney for Defendant
26001 Five Mile Road
Redford, MI   48239
(313) 535-1300
mjfmccltd@yahoo.com

## <u>CERTIFICATE</u> <u>OF</u> <u>SERVICE</u>

I hereby certify that on July 8, 2024 I electronically filed the foregoing document with the Clerk of the Court using ECF system.   It will send notification of such filing to the following:


Katherine Elizabeth Boyles, Esq.
Assistant U.S. Attorney
United States Attorney's Office
157 Church St.
25th Floor
New Haven, CT   06510
(203) 931-5088
katherine.boyles@usdoj.gov


Off. Sherry B. Baker
Senior U.S. Probation Officer
333 Constitution Ave., Suite 2214
Washington, D.C. 20001-1300
Sherry_Baker@dcp.uscourts.gov


MICHAEL J. McCARTHY, P.C.


/s/ Michael J. McCarthy

July 8, 2024                Michael J. McCarthy (P30169)
Attorney for Defendant
26001 Five Mile Road
Redford, MI   48239
(313) 535-1300
mjfmccltd@yahoo.com